IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | : | |
| --- | --- | --- |
| | : | Chapter 7 |
| Alliance Mortgage Investments, Inc., | : | |
| | : | Case No. 07-10941 (CSS) |
| Debtor. | : | |
| | : | |
| In re: | : | |
| | : | Chapter 7 |
| Alliance Bancorp, | : | |
| | : | Case No. 07-10942 (CSS) |
| Debtor. | : | |
| | : | |
| In re: | : | |
| | : | Chapter 7 |
| Alliance Bancorp, Inc., f/ka/ United Financial Mortgage Corp., | : | |
| | : | Case No. 07-10943 (CSS) |
| Debtor. | : | |
| | : | |

Objection Deadline: September 17, 2007 at 4:00 p.m.
Hearing Date: September 19, 2007 at 11:00 a.m.

APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a)
FOR ORDER UNDER SECTION 327 OF THE BANKRUPTCY CODE AUTHORIZING
THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC.
AS FINANCIAL ADVISORS TO MONTAGUE S. CLAYBROOK,
INTERIM CHAPTER 7 TRUSTEE NUNC PRO TUNC AS OF JULY 16, 2007

Montague S. Claybrook, interim Chapter 7 Trustee (the "Trustee") of Alliance Mortgage Investments, Inc. ("AMI"), Alliance Bancorp ("Bancorp"), and Alliance Bancorp, Inc. ("ABI") f/k/a United Financial Mortgage Corp. (collectively, the "Debtors" and individually, a "Debtor") in this chapter 11 case hereby files this application (the "Application") for entry of an Order, pursuant to 11 U.S.C. §§ 327 and Fed. R. Bankr. P. 2014, authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisors to the Trustee *nunc pro tunc* as of July 16, 2007. In support of the Application, the Trustee relies upon

128000.01600/21611542v.2

the Affidavit of William Nolan (the "Nolan Affidavit") attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and Fed. R. Bankr. P. 2014.

## Background

3. On July 13, 2007 (the "Petition Date"), each Debtor each filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). On July 16, 2007, the Trustee was appointed the Interim Trustee of each Debtor pursuant to §701.

4. On July 16, 2007, the Trustee selected Blank Rome as his counsel and FTI Consulting, Inc. as his financial advisor.

## Relief Requested

5. By this Application, the Trustee seeks to employ and retain FTI pursuant to section 327 of the Bankruptcy Code to perform financial advisory services for the Trustee in this chapter 7 case, *nunc pro tunc* as of July 16, 2007.

6. The Trustee is familiar with the professional standing and reputation of FTI. The Trustee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for

services it has rendered in large and complex chapter 7 and 11 cases on behalf of trustees, debtors, and creditors throughout the United States.

7.	The services of FTI are deemed necessary to enable the Trustee to liquidate the assets of the Debtors in an orderly fashion to maximize the value of its estate. Further, FTI is well qualified and able to represent the Trustee in a cost-effective, efficient, and timely manner.

### Scope of Services

8.	FTI will provide such consulting and advisory services to the Trustee and its legal advisor as they deem appropriate and feasible in order to advise the Trustee in the course of these chapter 7 cases, including but not limited to the following:

- Assistance to the Trustee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities and the Statement of Financial Affairs;

- Assistance with a review of the Debtor's short-term cash management procedures;

- Assistance with a review of any proposed employee incentive plan and other critical employee benefit programs;

- Assistance and advice to the Trustee with respect to the Debtors' identification and liquidation of core business assets and the disposition of those assets;

- Attendance at meetings and assistance in discussions with the Debtors, banks, other secured lenders, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent transfers and preferential transfers;

- Expert witness testimony on case related issues described above as required by the Trustee; and

- Render such other general business consulting or such other assistance as the Trustee or his counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

## FTI's Eligibility for Employment

9. FTI has informed the Trustee that, except as may be set forth in the Nolan Statement, that it is disinterested and does not hold or represent any other entity having an adverse interest in connection with this case, and therefore believes it is eligible to represent the Trustee under section 327 of the Bankruptcy Code.

10. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court. FTI has performed, and continues to perform, work unrelated to this engagement and this case for entities described in the Nolan Statement.

11. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

## Terms of Retention

12. FTI is not owed any amounts with respect to pre-petition fees and expenses.

13. The Trustee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

## Notice

14. Notice of this Application has been given to (i) the Debtor, (ii) the United States Trustee, and (iii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

## No Prior Request

15. No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Trustee to employ and retain FTI as financial advisors for the Trustee for the purposes set forth above, *nunc pro tunc* July 16, 2007, and grant such further relief as is just and proper.

Dated: September 6, 2007         **BLANK ROME LLP**

*/s/ Bonnie Glantz Fatell*
Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 425-6400

and

Michael B. Schaedle
Raymond M. Patella
Blank Rome LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

*Proposed Counsel for Montague S. Claybrook, Chapter 7 Trustee*