# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Alliance Mortgage Investments, Inc., <br><br> Debtor. | Chapter 7 <br><br> Case No. 07-10941 (CSS) |
| In re: <br><br> Alliance Bancorp, <br><br> Debtor. | Chapter 7 <br><br> Case No. 07-10942 (CSS) <br><br> **Objection deadline: May 12, 2008 at 4:00 p.m.** <br> **Hearing date: May 19, 2008 at 10:00 a.m.** |

## CHAPTER 7 TRUSTEE'S FIRST INTERIM REPORT AND APPLICATION FOR COMMISSIONS PURSUANT TO 11 U.S.C. SECTIONS 326, 331 AND 506(c)

Tracy L. Klestadt, Chapter 7 Trustee ("Trustee") of the estates of Alliance Mortgage Investments, Inc. ("AMI") and Alliance Bancorp ("AB," and together with AMI, the "Debtors") submits this First Interim Report and Request for Commissions Pursuant to 11 U.S.C. Sections 326, 331 and 506(c) (the "First Interim Report"). In support of his First Interim Report, the Trustee respectfully represents as follows:

### Background

1. On July 13, 2007 (the "Petition Date"), the Debtors each respectively filed petitions for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code").

2. On July 16, 2007, Montague S. Claybrook ("Interim Trustee") was appointed the interim Chapter 7 trustee of the Debtors' respective estates.

3. On August 15, 2007, at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code, an election was held with respect to the estates of AMI and AB, at

{00861253;v1}

which the Trustee was elected to succeed the Interim Trustee as trustee of the estates of AMI and AB.

4.     On September 12, 2007, the Court entered an order confirming the election of the Trustee [Docket No. 154].

5.     On September 17, 2007, the Trustee accepted his appointment as permanent trustee of the estates of AMI and AB [Docket No. 162].

**Interim Report**

6.     This First Interim Report is for the period from September 12, 2007 through December 31, 2007 (the "First Interim Reporting Period").

7.     Annexed to the copy of the this report filed with the United States Trustee as **Exhibit B** is the Trustee's Form 1 for AB, and annexed thereto as **Exhibits C through F** are the Trustee's Forms 2 and bank statements for the First Interim Reporting Period for each bank account opened by the Trustee for AB[1].

8.     Annexed to the copy of the this report filed with the United States Trustee as **Exhibit G** is the Trustee's Form 1 and the Trustee's Form 2 and bank statements for the First Interim Reporting Period for the bank account opened by the Trustee for AMI.

9.     Also annexed to the copy of this report filed with the United States Trustee as **Exhibit H** is the Interim Trustee's Final Report and Certification of Completion of Estate Administration prepared by Montague S. Claybrook, the Interim Trustee in this case.

**Services as Trustee and Request for Commissions**

---

[1] As described in the Motion For Entry Of Order Authorizing Distribution Of Custodial Funds In Accordance With Stipulation Re Accounting And Reconciliation Of Funds Collected On Account Of Purchased Mortgage Loans (the "Custodial Funds Distribution Motion"), filed contemporaneously herewith, the Trustee opened separate accounts for each of the accounts denominated by the Debtor as "P&I" accounts, which were received by the Trustee subsequent to his appointment. Pursuant to stipulation between the Trustee, FTI Consulting, Inc., and parties asserting an interest in such "P&I" accounts, FTI performed an accounting of the funds in such accounts, which are contemplated to be distributed in accordance with the findings the accounting performed by FTI as set forth in the Custodial Funds Distribution Motion.

2

{00861253;v1}

10. Immediately upon my appointment as Trustee in the Chapter 7 Cases, I sought to familiarize myself with the Debtors' businesses, assets, liabilities and financial affairs. To assist me in this, I immediately sought to retain my counsel, Klestadt & Winters, LLP ("K&W"), Bayard, P.A. ("Bayard") and my financial advisors, FTI Consulting, Inc. ("FTI"), as well as ASK Financial ("ASK"). In addition, as my knowledge of these cases developed, I retained Mahoney Cohen & Company, CPA, P.C. ("MC&C") as my special tax accountants, and I am currently in the process of retaining special counsel with particularized experience in investigating and prosecuting potential claims and causes of actions against parties with which the Debtors did business prior to their failure.

11. The task of identifying, investigating and liquidating the Debtors' assets has been, and still is, severely hampered by the lack of availability of the Debtors' books and records, which were abandoned by the Interim Trustee, and, upon information and belief, subsequently destroyed by the landlord (which was a company owned or controlled by an insider) of the premises in which such books and records were maintained.

12. Notwithstanding the lack of books and records, the Trustee is determined to undertake a reasonable and comprehensive investigation of the Debtors' assets and other potential avenues of recovery for the Debtors' creditors.

13. In that regard, the Trustee was able to obtain backup tapes from the Debtors' computer server. With the significant efforts of his financial advisors, FTI, the Trustee has recovered the Debtors' general ledger, which was previously unavailable to the Trustee. The Trustee's analysis of the Debtors' general ledger is ongoing.

14. In addition, with the assistance of his counsel and other professional advisors, the Trustee has uncovered potential assets that were not scheduled on the Debtors'

schedules of assets and liabilities ("SOAL") and statement of financial affairs ("SOFA"), including a potential tax refund that may have a value as high as $2.8 million. The Trustee continues his efforts to assess the recoverability of such assets.

15. Finally, the Trustee is presently in the process of retaining special counsel with specialized experience in investigating claims and causes of action against the Debtors' warehouse lenders and counterparties to loan purchase and sale agreements.

Request for Commission

16. As of December 31, 2007, total receipts by the Trustee are $2,984,204.35; and total disbursements are $110,000. As of December 31, 2007, the sum of the balances of the Trustee's accounts in these cases is $2,869,600.60.

17. In accordance with the applicable provisions of the Bankruptcy Code, the Trustee requests allowance of an interim commission in the amount of $112,776.13, which the Trustee submits is reasonable and necessary, calculated as follows:

| Statutory Categories | Statutory Amount | Commission Percentages | Trustee Compensation |
|---|---|---|---|
| (1st) Up to $5,000 | $5,000 | 25% | $1,250 |
| (2nd) From $5,000 to $50,000 | $45,000 | 10% | $4,500 |
| (3rd) From $50,000 To $1,000,000 | $950,000 | 5% | $47,500.00 |
| (4th) Amounts Over $1,000,000 | $1,984,204.35 | 3% | $59,526.13 |
| Total | | | $112,776.13 |

{00861253;v1}

18. During the First Interim Period, the Trustee and his staff have expended 224.66 hours rendering services in the discharge of his obligations as Trustee. In addition, the Trustee has incurred expenses of $282.77

19. In support of the Trustee's request for commission and reimbursement of expenses, annexed hereto as **Exhibit A** is a copy of the Trustee's time records for services rendered.

**WHEREFORE**, the Trustee respectfully requests that this First Interim Report be approved, and the commissions sought herein be allowed pursuant to sections 326, 331 and 506(c) of the Bankruptcy Code, and for such other, further or different relief as the Court may deem just and proper.

Dated: New York, New York
April 24, 2008

By: _____
Tracy L. Klestadt, Chapter 7 Trustee
c/o Klestadt & Winters, LLP
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000