# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Alliance Mortgage Investments, Inc., | ) | Case No. 07-10941 (CSS) |
| Debtor. | ) | |
| In re: | ) | Chapter 7 |
| Alliance Bancorp, | ) | Case No. 07-10942 (CSS) |
| Debtor. | ) | **Objection Deadline: June 24, 2009 at 4:00 p.m.**<br>**Hearing Date: July 1, 2009 at 10:00 a.m.** |

## CHAPTER 7 TRUSTEE'S SECOND INTERIM REPORT AND APPLICATION FOR COMMISSIONS PURSUANT TO 11 U.S.C. SECTIONS 326, 331 AND 506(c)

Tracy L. Klestadt, Chapter 7 Trustee ("Trustee") of the estates of Alliance Mortgage Investments, Inc. ("AMI") and Alliance Bancorp ("AB," and together with AMI, the "Debtors") submits this Second Interim Report and Request for Commissions Pursuant to 11 U.S.C. Sections 326, 331 and 506(c) (the "Second Interim Report"). In support of his Second Interim Report, the Trustee respectfully represents as follows:

### Background

1. On July 13, 2007 (the "Petition Date"), the Debtors each respectively filed petitions for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code").

2. On July 16, 2007, Montague S. Claybrook ("Interim Trustee") was appointed the interim Chapter 7 trustee of the Debtors' respective estates.

3. On August 15, 2007, at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code, an election was held with respect to the estates of AMI and AB, at

1

which the Trustee was elected to succeed the Interim Trustee as trustee of the estates of AMI and AB.

4. On September 12, 2007, the Court entered an order confirming the election of the Trustee [Docket Nos. 56 and 154].

5. On September 17, 2007, the Trustee accepted his appointment as permanent trustee of the estates of AMI and AB [Docket Nos. 63 and 162].

6. On April 25, 2008 the Trustee filed his First Interim Report and Application for Commissions Pursuant to 11 U.S.C. Sections 326, 331 and 506(c) (the "First Interim Report"), for the period of September 18, 2007 through December 31, 2007 (the "First Interim Reporting Period") [Docket Nos. 184 and 348].

7. On May 19, 2008, the Court entered its Order Granting Chapter 7 Trustee's Application for Commissions Pursuant to 11 U.S.C. Sections 326, 331 and 506(c) [Docket Nos. 202 and 371].

**Second Interim Report**

8. This Second Interim Report is for the period from January 1, 2008 through May 15, 2009 (the "Second Interim Reporting Period").

9. During the Second Interim Reporting Period, the Trustee, with the assistance of his professional advisors, has undertaken significant efforts to liquidate the Debtors' assets and move the Debtors' estates toward closure.

10. Among these efforts, described in greater detail below, the Trustee (a) resolved the "custodial accounts" matter; (b) pursued preference avoidance actions; (c) sold certain mortgage loans owned by the Debtors as of the Petition Date; and (d) reached agreement with GMAC Mortgage, LLC, the Debtors' loan servicer, regarding turnover of funds collected

2

on account of those mortgage loans. These activities have yielded significant benefit to the Debtors' estates.

11. Following his appointment, the Trustee learned of a dispute between and among multiple parties to loan purchase agreements with the Debtors (the "<u>Loan Purchasers</u>") regarding their respective alleged rights in certain accounts (the "<u>Custodial Accounts</u>") maintained by the Debtors. At the Loan Purchasers' request, the Trustee, by his financial advisors, FTI Consulting, undertook an accounting and reconciliation process (the "<u>Accounting</u>") to determine the Loan Purchasers' respective interests in the Custodial Accounts.

12. At the conclusion of the Accounting, several Loan Purchasers expressed dissatisfaction with the results of the Accounting (but not the process).

13. Ultimately, the Trustee and the Loan Purchasers were able to resolve their disputes, and on August 28, 2008, the Trustee filed his Motion for Order Approving Settlement Regarding Distribution of Custodial Funds (the "<u>Custodial Accounts Settlement Motion</u>") [Docket Nos. 238 and 427]. The Court granted the relief requested in the Custodial Accounts Settlement Motion by order dated September 17, 2008 [Docket Nos. 244 and 433]. As a result, approximately $2,128,525.32 was distributed to parties claiming an interest therein and in payment of Court-approved professional fees associated with the Custodial Accounts matter[1]. Although the Custodial Accounts Settlement Motion did not result in a cash benefit to the Debtors' estates, the consensual resolution of what would likely have been difficult, expensive and protracted litigation allowed the Trustee to focus on other matters concerning the liquidation of the Debtors' estates.

---

[1] Of the $2,128,525.32 initially distributed, approximately $106,090.29 in the aggregate was unclaimed by or was undeliverable to the intended recipients. For the purposes of this Application, the Trustee seeks a commission based on amounts distributed and actually claimed.

3

14. On October 10, 2008, the Trustee, assisted by ASK Financial, commenced twenty-nine (29) adversary proceedings seeking to avoid and recover preferential transfers (the "Preference Actions"). The Preference Actions sought avoidance and recovery of approximately $1,446,731.09 in gross preferential transfers made in the ninety days prior to the Petition Date.

15. As of May 15, 2009, the Preference Actions have yielded approximately $157,045.97 for the benefit of the Debtors' estates, gross of fees and expenses paid to ASK Financial pursuant to the terms of its retention.

16. On January 20, 2009, the Trustee filed his Motion to Authorize Sale of Certain Mortgage Loans Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code (the "Loan Sale Motion") [Docket Nos. 264 and 519]. The Loan Sale Motion was granted by order of the Court dated February 9, 2009 (the "Loan Sale Order") [Docket Nos. 271 and 526].

17. The Loan Sale Order authorized the Trustee to sell twenty (20) mortgage loans identified by the Trustee, with the assistance of his financial advisors, FTI Consulting, as being property of the Debtors as of the Petition Date (the "Owned Loans"). The Owned Loans proved to be very illiquid due to, inter alia, lack of loan documentation, the Owned Loans' payment status, and their nature as primarily second-lien loans. However, the Trustee was able, though significant effort, to liquidate these assets, which yielded approximately $107,686.76 after closing and other adjustments, which amount inured to the benefit of the Debtors' estates.

18. Subsequent to the closing of the sale of the Owned Loans, the Trustee determined, in his business judgment, that the services of GMAC Mortgage, LLC ("GMACM"), as servicer of the Owned Loans, were no longer required. The Trustee, with the assistance of his

counsel, negotiated a stipulation with GMACM to effectuate, <u>inter alia</u>, the turnover of funds collected by GMACM on account of the Owned Loans (the "<u>GMACM Stipulation</u>").

19. On April 17, 2009, the Trustee filed his Motion to Approve Stipulation Between GMAC Mortgage, LLC Regarding (I) Turnover to the Trustee of Retained Funds; (II) Payment to GMACM of Servicing Fees; and (III) Providing for the Rejection of Subservicing Agreement Nunc Pro Tunc to March 25, 2009 [Docket Nos. 287 and 559]. The GMACM Motion was granted by order of the Court dated May 8, 2009 [Docket Nos. 293 and 571]. As a result of the GMACM Stipulation, GMACM turned over the sum of $1,198,785.76 to the Trustee for the benefit of the Debtors' estates[2].

20. The foregoing efforts have resulted in a significant benefit to the Debtors' estates, originally filed as "no asset" cases. The Trustee, with the assistance of his professional advisors, continues to liquidate the assets of the Debtors' estates and investigate and analyze other potential sources of recovery for the Debtors' creditors.

## **Second Interim Request for Commissions**

21. Since the Trustee's appointment, total receipts by the Trustee are $4,431,083.55.

22. In accordance with the applicable provisions of the Bankruptcy Code, the Trustee requests allowance of a second interim commission for the Second Interim Reporting Period in the amount of $44,000.38, which the Trustee submits is reasonable and necessary, calculated as follows:

---

[2] Pursuant to the GMACM Stipulation, GMACM held back $10,000 for payment of trailing servicing fees. That sum, less any trailing servicing fees actually incurred, is required to be turned over to the Trustee sixty (60) days after the date of Court approval of the GMACM Stipulation.

5

| Statutory Categories | Statutory Amount | Commission Percentages | Trustee Compensation |
|---|---|---|---|
| (1st) Up to $5,000 | $5,000 | 25% | $1,250.00 |
| (2nd) From $5,000 to $50,000 | $45,000 | 10% | $4,500.00 |
| (3rd) From $50,000 To $1,000,000 | $950,000 | 5% | $47,500.00 |
| (4th) Amounts Over $1,000,000 | $3,431,083.55 | 3% | $102,932.51 |
| Gross Commission Allowable Pursuant to 11 U.S.C. § 326(a) | | | $156,182.51 |
| Less Commission Awarded and Paid for First Interim Period | | | ($112,776.13) |
| **Total** | | | $43,406.38 |

23. During the Second Interim Reporting Period, the Trustee and his staff have expended 51.50 hours rendering services in the discharge of his obligations as Trustee. In addition, the Trustee has incurred expenses of $40.22 during the Second Interim Reporting Period.

24. In support of the Trustee's request for commission and reimbursement of expenses, annexed hereto as **Exhibit A** is a copy of the Trustee's time records for services rendered during the Second Interim Reporting Period.

WM1A 926972v1 06/05/09

**WHEREFORE**, the Trustee respectfully requests that he be awarded a second interim commission of $43,406.38 for the Second Interim Reporting Period pursuant to sections 326, 331 and 506(c) of the Bankruptcy Code, and a reimbursement of expenses in the amount of $40.22, and for such other, further or different relief as the Court may deem just and proper.

Dated: June 5, 2009
      New York, New York

By: /s/ Tracy L. Klestadt
Tracy L. Klestadt, Chapter 7 Trustee
c/o Klestadt & Winters, LLP
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000