IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Alliance Mortgage Investments, Inc., | : | Case No. 07-10941 (CSS) |
| Alliance Bancorp, | : | Case No. 07-10942 (CSS) |
| | : | |
| Debtors. | : | Objection Deadline: June 24, 2009 @ 4:00 p.m. |
| | : | Hearing Date: July 1, 2009 @ 10:00 a.m. |

## SECOND INTERIM FEE APPLICATION OF FTI CONSULTING, INC, FINANCIAL ADVISORS TO THE CHAPTER 7 TRUSTEE OF ALLIANCE MORTGAGE INVESTMENTS, INC. AND ALLIANCE BANCORP, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2008 THROUGH MAY 15, 2009

| | |
|---|---|
| *Name of Applicant*: | FTI Consulting, Inc |
| *Authorized to Provide Professional Services to*: | Chapter 7 Trustee of Alliance Mortgage Investments, Inc. and Alliance Bancorp |
| *Date of Retention*: | October 22, 2007, *nunc pro tunc* to July 16, 2007 |
| *Period for which Compensation and Reimbursement is Sought*: | April 1, 2008 through May 15, 2009 |
| *Amount of Compensation Sought as Actual, Reasonable, and Necessary*: | $32,715.50 |
| *Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary*: | $4,741.43 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Alliance Mortgage Investments, Inc., | : | Case No. 07-10941 (CSS) |
| Alliance Bancorp, | : | Case No. 07-10942 (CSS) |
| | : | |
| Debtors. | : | Objection Deadline: June 24, 2009 @ 4:00 p.m. |
| | : | Hearing Date: July 1, 2009 @ 10:00 a.m. |

## SECOND INTERIM FEE APPLICATION OF FTI CONSULTING, INC, FINANCIAL ADVISORS TO THE CHAPTER 7 TRUSTEE OF ALLIANCE MORTGAGE INVESTMENTS, INC. AND ALLIANCE BANCORP, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2008 THROUGH MAY 15, 2009

This second interim fee application for compensation and reimbursement of expenses (the *"Fee Application"*) is filed by FTI Consulting, Inc (*"FTI"*) requesting payment for services rendered and reimbursement of costs expended as financial advisor for the Chapter 7 Trustee (the *"Trustee"*) of Alliance Mortgage Investments, Inc. ("AMI") and Alliance Bancorp ("AB" or together with AMI collectively the *"Debtors"*) for the period of April 1, 2008 through May 15, 2009 (the *"Application Period"*). In support of this Fee Application, FTI respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 7 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## Chapter 7 Background

3. On July 13, 2007 (the "Petition Date"), AMI, AB, and Alliance Bancorp, Inc. ("ABI,") each respectively filed petitions for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code").

4. On July 16, 2007, Montague S. Claybrook ("Interim Trustee") was appointed the interim Chapter 7 trustee of the estates of AMI, AB and ABI.

5. On August 15, 2007, at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code, an election was held with respect to the estates of AMI and AB, at which Tracy L. Klestadt ("Trustee") was elected to succeed the Interim Trustee as trustee of the estates of AMI and AB. The Interim Trustee remains the trustee of the estate of ABI.

6. On September 17, 2007, the Trustee accepted his appointment as permanent trustee of the estates of AMI and AB.

7. On October 22nd, FTI's retention application was approved as financial advisors to the Chapter 7 Trustee. Pursuant to this order, the Interim Trustee was authorized to retain and employ FTI as its financial advisors in the AMI, AB and ABI cases, nunc pro tunc as of July 16, 2007. The order also stated that the Trustee is authorized to retain and employ FTI as its financial advisors in the AMI and AB cases, nunc pro tunc as of September 12, 2007, and the retention of FTI by the Interim Trustee in the AMI and AB cases was terminated as of September 12, 2007.

## Relief Requested

8. FTI submits this Fee Application pursuant to sections 330 and 331 of the Bankruptcy Code. By this Fee Application, FTI seeks allowance of compensation for actual and necessary professional services rendered in the amount of $32,715.50 for the Application Period,

and seeks payment of 100% of this amount, and seeks the allowance and payment of 100% of its actual and necessary expenses in the amount of $4,741.43.

## Summary of Fees

9. The total number of hours expended by FTI professionals and paraprofessionals in performing professional services for the Trustee during the Application Period was 55.5 hours. Pursuant to the Order for Retention, FTI is entitled to full compensation for its services provided to the Trustee, plus reimbursement of necessary out of pocket expenses. During this particular period, FTI is requesting its fee for services rendered from April 1, 2008 through May 15, 2009.

10. Services rendered by each professional and paraprofessional during the Application Period, calculated by tenths of an hour and categorized in accordance with the appropriate project code, is attached hereto as **Exhibit "B"** and **Exhibit "C."** Although FTI has made every effort to segregate its time entries by project code, by virtue of constantly evolving developments in these cases, there may have been some unavoidable overlap of description in certain entries. (For example, in situations in which multiple subjects were discussed with the Trustee and other professionals in one telephone conversation or meeting, the particular telephone call or meeting may have been billed to the "Causes of Action" project code with a listing of subjects discussed, rather than providing multiple billing entries in different project codes). Accordingly, the Court is respectfully requested to consider the following discussion of services rendered in its entirety in evaluating the reasonableness of the fees requested by FTI.

11. Specifically, the primary services by Project Code rendered by FTI to the Trustee during the Application Period included the following (A schedule of all hours and fees by Project Code is shown in Exhibit B).

(3) <u>Cause of Action Analysis:</u>

FTI analyzed payments and asset transfers made within the 90 days prior to the petition

- 4 -

for a certain warehouse lender. In addition, FTI shared a comprehensive presentation with Stevens and Lee, special counsel, which outlined a number of possible causes of actions against various 3rd parties as well as next steps/limitations to pursuing these actions.

**Total Hours: 27.0**

(11) <u>Plan & prepare for conference call / meeting with the Trustee:</u>

FTI participated in several calls and held meetings with the Trustee for the purpose of providing a progress report and other case matters.

**Total Hours: 3.8**

<u>Actual and Necessary Costs and Expenses Incurred</u>

12. Reimbursement of expenses in the amount of $4,741.43 is sought herein. A categorized summary of the actual and necessary costs and expenses incurred by FTI during the Application Period, and an itemization of each expense within each category, is attached as **Exhibit "D"**. FTI reserves the right to request, in subsequent fee applications, reimbursement of any additional expenses incurred during the Application Period, as such expenses may not have been captured to date in FTI's billing system.

<u>Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules</u>

13. In accordance with Del. Bankr. LR 2016-2, a summary schedule of hours and fees for each attorney and paraprofessional, and a summary of hours and fees categorized by project code follow the cover sheet to this Fee Application. The undersigned submits that this Fee Application complies with Del. Bankr. LR 2016-2.

14. FTI submits that the services rendered and expenses incurred were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of section 330 of the Bankruptcy Code.

WM1A 927010v1 06/05/09

15. No agreement or understanding exists between FTI and any other entity (other than members or employees of FTI) for the sharing of compensation received or to be received for services rendered in or in connection with this case.

WHEREFORE, FTI respectfully requests an award of compensation for professional services rendered as financial advisor to the Committee during the Application Period in the sum of $32,715.50, together with the reimbursement of disbursements in the amount of $4,741.43; and such other and further relief that the Court deems just and proper.

Dated: June 5, 2009                            FTI CONSULTING, INC

                                               By: */s/ William Nolan*
                                                   William J. Nolan
                                                   100 North Tryon Street
                                                   Suite 3350
                                                   Charlotte, NC 28202
                                                   Telephone: (704) 972-4101
                                                   Facsimile: (704) 972-4121